IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLEVELAND WINSTON KILGORE, JR., #09441-007                                    PETITIONER

VERSUS                                                  CIVIL ACTION NO. 5:13-cv-43-DCB-MTP

WARDEN M. MARTIN                                                               RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On March 22, 2013, Petitioner, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon review of the petition [1] and response [7], the Court has reached the following conclusions.

## I. Background

Petitioner was convicted in the United States District Court of Maryland of four counts of bank fraud, four counts of aggravated identity theft and aiding and abetting those offenses and was sentenced to a 149-month term of imprisonment. *United States v. Kilgore*, No. 07-4025, 2007 WL 44022840 at *1 (4th Cir. Nov. 15, 2007). The United States Court of Appeals of the Fourth Circuit affirmed his conviction. *Id*. According to the petition [1], Petitioner did not file a Motion to Vacate pursuant to 28 U.S.C. § 2255.

In the instant habeas, Petitioner presents the following grounds for relief:

GROUND ONE: I, Cleveland Winston Kilgore, Jr., am currently held in custody by Warden M. Martin in violation of the Federal Constitution Article 1, section 10 clause ex post facto law, and law impairing the obligation of contracts.

GROUND TWO: I, Cleveland Winston Kilgore, Jr., am currently held in custody by Respondent Warden M. Martin in violation of the Federal Constitution Article VI, clause 2 (Supremacy Clause) which protect my current right, title, authority, privilege, protection, and exemption from this current and past detention.

GROUND THREE: I, Cleveland Winston Kilgore, Jr., am currently held in custody by Respondent Warden M. Martin in violation of the Federal Constitution Fourteenth Amendment section 1 full force of protection of my right, privilege,

and immunity demanded for immediate release of this illegal confinement of fraud.

Pet. [1] at 6-7.

This Court entered an order [6] on April 11, 2013, directing Petitioner to provide additional information concerning the instant petition. Petitioner states in his response [7] that he previously filed § 2241 habeas petitions concerning the violations of constitutional rights relating to the Fifth and Fourteenth Amendments. Petitioner, however, argues that he has not presented the claim of "illegal confinement" based on fraud in the previous petitions. Resp. [7] at 2.

## **II. Analysis**

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the Petitioner's allegations relate to the validity of his conviction and sentence. Clearly, these claims relate to alleged errors that occurred before or during sentencing and not to the manner in which his sentence is being executed. As such, this Court does not have jurisdiction to address the constitutional issues presented by the Petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or

2

construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. *See Reyes-Requena*, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id*. at 903.

To meet the first prong of the *Reyes-Requena* test, Petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. *Reyes-Requena*, 243 F.3d at 904. The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of *Reyes-Requena*. Because both prongs of the *Reyes-*

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

*Requena* test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

### III.  Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims. Therefore, this § 2241 petition will be dismissed with prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction**.**  *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir.2000).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the   15th   day of May, 2013.


                             s/David Bramlette
                             UNITED STATES DISTRICT JUDGE